# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK
### CIVIL DIVISION

| | |
|---|---|
| **Mark Andrews p/k/a "Sisqo"** ) | |
| ) | |
| **James Green p/k/a "Woody"** ) | |
| ) | |
| **Larry Anthony, Jr p/k/a "Jazz"** ) | |
|     *Plaintiffs,* ) | |
|     v. ) | **Second Amended Complaint** |
| ) | **Case No. 1:15-cv-07544** |
| **27 Red Music Publishing, LLC** ) | |
|     Successor to 27 Red Music, LLC ) | |
| **96 Oxford Drive** ) | |
| **Tenafly, New Jersey 07067** ) | |
| ) | |
| **The Estate of Rhondo Robinson** ) | |
| **96 Oxford Drive** ) | |
| **Tenafly, New Jersey 07067** ) | |
| ) | |
| **Sony/ATV Music Publishing, LLC** ) | |
|     as successor to EMI Music Pub. ) | |
| **c/o The Prentice-Hall Corporation** ) | |
|       **System, Inc.** ) | |
|       **80 State Street** ) | |
|       **Albany, New York, 12207** ) | |
| ) | |
| **EMI April Music, Inc.** ) | |
| **126 East 56th Street, Suite 1620** ) | |
| **New York, New York 10022** ) | |
| ) | |
| **EMI Blackwood Music, Inc.** ) | |
| **126 East 56th Street, Suite 1620** ) | |
| **New York, New York 10022** ) | |
| ) | |
| **John and Jane Does 1-50** ) | |
| ) | |
| **ABC Companies 1-10** ) | |
| ) | |
|     *Defendants*. ) | |
| ) | |

## SECOND AMENDED COMPLAINT

1

Plaintiffs, by and through their undersigned counsel, complaining of the Defendants, in their Second Amended Complaint allege as follows:

1. This action by Plaintiffs, as more fully set forth herein, is for: (a) breach of contract, breach of fiduciary duty and conversion against 27 Red Music Publishing, LLC successor to 27 Red Music, LLC and the Estate of Rhondo Robinson; (b) breach of implied contract against EMI April Music Publishing Inc. and EMI Blackwood Music Inc.; and (c) declaratory relief against that the Defendants EMI April Music Inc. .and EMI Blackwood Music Inc. and Defendant Sony ATV Music Publishing, LLLC that the EMI Administration Agreement, as defined below, is terminated.

## JURISDICTION & VENUE

2. Because the amount in controversy exceeds the sum of $75,000.00, exclusive of interests and costs, and this action is between citizens of different states, this court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a).

## PARTIES & RELEVANT ACTORS

3. Mark Andrews is an award winning multi-platinum selling recording artist, producer and songwriter who is domiciled in the State of Minnesota and is professionally known as "Sisqo."

4. James Green is an award winning multi-platinum selling recording artist and songwriter who is domiciled in the State of Maryland and is professionally known as "Woody."

5. Larry Anthony, Jr. is an award winning multi-platinum selling recording artist and songwriter who is domiciled in the State of Maryland and is professionally known as "Jazz."

6. The Estate of Rhondo Robinson (herein "Defendant Robinson") is the estate of the late

Rhondo Robinson who resided in New Jersey and the Estate is domiciled in New Jersey.

7. Based upon information and belief, Defendant Robinson is the sole owner of Defendant 27 Red Music Publishing, LLC and owner and/or co-owner of various ABC Companies.

8. Defendant 27 Red Music Publishing, LLC, is a New Jersey limited liability company with a principal place of business at 96 Oxford Drive, Tenafly, New Jersey 07067 (herein "Defendant 27 Red Music") and is the successor to 27 Red Music, LLC.

9. Defendant 27 Red Music Publishing, LLC, is the successor to 27 Red Music, LLC.

10. Defendant 27 Red Music regularly and consistently conducts business in New York with ASCAP, BMI, various record labels, music publishing companies, advertisers, recording artists and songwriters.

11. During his lifetime Rhondo Robinson regularly and consistently conducted business in New York with ASCAP, BMI, various record labels, music publishing companies, advertisers, recording artists and songwriters.

12. Defendant Sony/TV Music Publishing, LLC is a Delaware limited liability company, qualified to do business in the State of New York, with a principal place of business at 550 Madison Avenue (Defendant "Sony/ATV").

13. Defendant Sony/ATV is owned 50% by Sony Corporation and 50% the Estate of Michael Jackson.

14. The Estate of Michael Jackson is domiciled in the State of California.

15. Sony Corporation is a Japanese corporation headquartered in Kōnan Minato, Tokyo, Japan.

16. Defendants EMI April Music Inc. and EM Blackwood Music Inc. (herein collectively the "EMI Defendants") are both Connecticut corporations and both have a principal place of

3

DOCS-#4941225-v5

business in the State of New York at 126 East 56th Street, Suite 1620, New York, New York 10022.

17. Based upon information and belief, the John and Jane Does are individuals, as yet unknown to Plaintiffs, who exercise or exercised direction and control of Defendant 27 Red Music, LLC, and the Estate of Rhondo Robinson; and who have taken actions that have unlawfully injured Plaintiffs or who have failed to take action to benefit Plaintiffs in violation of a duty to do so.

18. Based upon information and belief, the ABC Companies are corporate entities, as yet unknown to Plaintiffs, who exercise or exercised direction and control of Defendant 27 Red Music, LLC, or who have or had an interest in or are owned or controlled by the Estate of Rhondo Robinson; and who have taken actions that have unlawfully injured Plaintiffs or who have failed to take action to benefit Plaintiffs in violation of a duty to do so.

19. In 2012, an investor group, including Sony Corporation of America, acquired the EMI Music Publishing companies, including the EMI Defendants and since that time, Defendant Sony/ATV has administered the interests of the EMI Defendants on behalf of the investor group.

## FACTS COMMON TO ALL CLAIMS

20. In 1996, Plaintiffs Andrews, Green, and Anthony, and one Tamir Ruffin, members of the multi-platinum recording group professionally known as Dru Hill, entered into individual music publishing agreements with Art of War Music Publishing, Inc. d/b/a Urban Warfare Music Publishing (herein "Art of War") that included the administration of the Dru Hill owned musical compsoitions.

21. In or about 2002, Art of War entered into an exclusive administration agreement with the EMI Defendants, that provided that EMI would directly pay royalties to Art of War's writers, including Plaintiffs (herein the "EMI Administration Agreement").

22. Based upon information and belief, the EMI Administration Agreement has terminated as it provided that the EMI Defendants would act as the administrator for the Art of War music publishing catalog for a period of three (3) years with a two (2) year collection period.

23. Notwithstanding the foregoing the EMI Defendants have continued to administer the Art of War Catalog including the Dru Hill Copyrights, since the EMI Administration Agreement terminated.

24. In April 5, 2005, Plaintiff Andrews authorized Defendant 27 Red Music and Robinson to collect unpaid royalties from the EMI Defendants for the period 1996 to 2005 on his behalf by entering into a letter agreement (the "Collection Letter") that appointed them as his sole agents solely for that purpose.

25. The Collection Letter provided: "Please be advised that 27 Red Music L.L.C. has the authority to receive and collect all royalty payments and statements on behalf of Mark Andrews and the like information relative to administration of Yeah/Art of War Music Publishing. This Period covers royalties earned from 1996 thru 2005."

26. The EMI Defendants paid Defendants 27 Red Music and Robinson (and on information and belief John and Jane Does 1-50 and ABC Companies 1-10) royalties on behalf of Plaintiff Andrews under the Collection Letter from 2005 until 2015, although the Collection Letter only authorized the EMI Defendants to pay the Defendant 27 Red Music for royalties due for the period 1996-2005.

27. Defendants 27 Red Music and Robinson (and on information and belief John and Jane Does 1-50 and ABC Companies 1-10) have failed to pay and account to Plaintiff Andrews after collection of royalties from the EMI Defendants in an amount in excess of $600,000.

28. The EMI Defendants also wrongfully and without authority paid Defendants 27 Red Music and Robinson (and on information and belief John and Jane Does 1-50 and ABC Companies 1-10) royalties that were payable to Plaintiffs Anthony and Green under the authority of the Collection Agreement.

29. The EMI Defendants wrongfully paid Defendant 27 Red Music royalties owed to Plaintiffs Anthony and Green under the authority of the Collection Agreement in an amount in excess of $30,000.

30. Based upon information and belief, Defendant Robinson, by and through the Defendant ABC Companies, has also collected royalties due to Plaintiffs under authority of "Art of War" in an amount that is as yet unknown but is believed to be in excess of $75,000.

## COUNT ONE
## ACTION FOR BY PLAINTIFF ANDREWS FOR BREACH OF CONTRACT AGAINST DEFENDANTS 27 RED MUSIC LLC AND THE ESTATE OF RHONDO ROBINSON

31. Plaintiffs herein adopt and incorporate by reference all allegations set forth in paragraphs "1" through "30" as if originally pled herein.

32. Defendants 27 Red Music and Robinson agreed to receive and collect all royalty payments and statements on behalf of Plaintiff Andrews and the like information relative to administration of Yeah/Art of War Music Publishing pursuant to the Collection Letter.

33. Defendants 27 Red Music and Robinson (and on information and belief John and Jane Does 1-50 and ABC Companies 1-10) collected royalty payments on behalf of Plaintiff

Andrews but have failed to pay and account to Plaintiff Andrews for amounts due under the Collection Agreement in an amount in excess of $600,000.

34. By failing to pay and account to Plaintiff Andrews, Defendants 27 Red Music and Robinson (and on information and belief John and Jane Does 1-50 and ABC Companies 1-10) have breached their contract and have caused damage to Plaintiff Andrews in an amount unknown at this time but reasonably believed to be in excess of $600,000.

COUNT TWO
ACTION BY PLAINTIFFS GREEN AND ANTHONY FOR BREACH OF IMPLIED CONTRACT AGAINST DEFENDANTS 27 RED MUSIC LLC AND THE ESTATE OF RHONDO ROBINSON

35. Plaintiffs herein adopt and incorporate by reference all allegations set forth in paragraphs "1" through "34" as if originally pled herein.

36. When collecting royalty payments on behalf of Plaintiff Andrews pursuant to the Collection Letter, Defendants 27 Red Music and Robinson (and on information and belief John and Jane Does 1-50 and ABC Companies 1-10) also received and collected royalty payments and statements on behalf of Plaintiffs Green and Anthony.

37. Defendants 27 Red Music and Robinson (and on information and belief John and Jane Does 1-50 and ABC Companies 1-10) collected royalty payments on behalf of Plaintiffs Green and Anthony; but, have failed to pay and account to Plaintiffs Green and Anthony for amounts due from EMI and from Defendant Sony/ATV, as successor in interest to EMI, in an amount in excess of $30,000.

38. By failing to pay and account to Plaintiffs Green and Anthony, Defendants 27 Red Music and Robinson (and on information and belief John and Jane Does 1-50 and ABC Companies 1-10) have breached their implied contract and have caused damage to Plaintiffs Green and Anthony in an amount unknown at this time but reasonably believed

to be in excess of $30,000.

## COUNT THREE
### ACTION BY PLAINTIFFS ANDREWS, GREEN AND ANTHONY FOR BREACH OF FIDUCIARY DUTY
### AGAINST DEFENDANTS 27 RED MUSIC LLC AND THE ESTATE OF RHONDO ROBINSON

39. Plaintiffs herein adopt and incorporate by reference all allegations set forth in paragraphs "1" through "33" as if originally pleaded herein.

40. Defendants 27 Red Music and Robinson (and on information and belief John and Jane Does 1-50 and ABC Companies 1-10) had fiduciary duties to Plaintiff Andrews as a collection agent to act with trust and confidence.

41. Defendants 27 Red Music and Robinson (and on information and belief John and Jane Does 1-50 and ABC Companies 1-10) breached their fiduciary duties of trust and confidence to Plaintiff Andrews when they collected more than $600,000 in royalties from the EMI Defendants and from Defendant Sony/ATV and other third parties and did not pay Plaintiff Andrews such amounts.

42. Plaintiff Andrews has been damaged by the breaches by Defendants 27 Red Music and Robinson (and on information and belief John and Jane Does 1-50 and ABC Companies 1-10) of their fiduciary duties in an amount unknown at this time but reasonably believed to be in excess of $600,000.

43. Defendants 27 Red Music and Robinson (and on information and belief John and Jane Does 1-50 and ABC Companies 1-10) undertook fiduciary duties of trust and confidence to Plaintiffs Green and Anthony when they accepted royalty payments on their behalf from the EMI Defendants and from Defendant Sony/ATV and other third parties.

44. Defendants 27 Red Music and Robinson (and on information and belief John and Jane

Does 1-50 and ABC Companies 1-10) breached their fiduciary duties of trust and confidence to Plaintiffs Green and Anthony when they collected more than $30,000 in royalties from the EMI Defendants and from Defendant Sony/ATV and other third parties, under the alleged authority of the Collection Agreement and did not pay Plaintiffs Green and Anthony such amounts.

45. Plaintiffs Green and Anthony have been damaged by the breaches by Defendants 27 Red Music and Robinson (and on information and belief John and Jane Does 1-50 and ABC Companies 1-10) of their fiduciary duties in an amount unknown at this time but reasonably believed to be in excess of $30,000.

## COUNT FOUR
## ACTION BY PLAINTIFFS ANDREWS, GREEN AND ANTHONY FOR CONVERSION AGAINST DEFENDANTS 27 RED MUSIC LLC AND THE ESTATE OF RHONDO ROBINSON

46. Plaintiffs herein adopt and incorporate by reference all allegations set forth in paragraphs "1" through "45" as if originally pleaded herein and plead this Count Four in the alternative to Counts One and Two.

47. Defendants 27 Red Music and Robinson (and on information and belief John and Jane Does 1-50 and ABC Companies 1-10) collected more than $600,000 in royalties from the EMI Defendants due Plaintiff Andrews and failed to remit payment of those royalties to Plaintiff Andrews.

48. Defendants 27 Red Music and Robinson (and on information and belief John and Jane Does 1-50 and ABC Companies 1-10) converted the payments intended for Plaintiff Andrews for their own accounts without legal justification and without authorization from Plaintiff Andrews.

49. Defendants 27 Red Music and Robinson (and on information and belief John and Jane Does 1-50 and ABC Companies 1-10) collected more than $30,000 from the EMI Defendants in royalties due Plaintiffs Green and Anthony and failed to remit payment of those royalties to Plaintiff Green and Anthony.

50. Defendants 27 Red Music and Robinson (and on information and belief John and Jane Does 1-50 and ABC Companies 1-10) converted the payments intended for Plaintiffs Green and Anthony for their own accounts without legal justification and without authorization from Plaintiffs Green and Anthony.

51. Plaintiffs have been damaged by the conversion of their property by Defendants 27 Red Music and Robinson (and on information and belief John and Jane Does 1-50 and ABC Companies 1-10) in an amount unknown at this time but reasonably believed to be in excess of $630,000.

## COUNT FIVE
## ACTION FOR BREACH OF IMPLIED CONTRACT
## AGAINST THE EMI DEFENDANTS & DEFENDANT SONY/ATV

52. Plaintiffs herein adopt and incorporate by reference all allegations set forth in paragraphs "1" through "51" as if originally pleaded herein.

53. After the term of the EMI Administration Agreement, the EMI Defendants and later Defendant Sony/ATV continued to collect royalties due Plaintiffs Andrews, Green and Anthony.

54. An implied contract was created between the EMI Defendants and Defendant Sony/ATV and Plaintiffs after the term of the EMI Administration Agreement ended.

55. Under the implied agreement the EMI Defendants and Defendant Sony/ATV were required to pay and account to Plaintiffs Andrews, Green, and Anthony for royalties

collected on their behalf.

56. The EMI Defendants and Defendant Sony/ATV failed to pay and account to Plaintiffs Andrews, Green, and Anthony for royalties collected after the term of the EMI Administration Agreement.

57. From and after 2005, the EMI Defendants and thereafter Defendant Sony/ATV wrongfully paid royalties due Plaintiffs Andrews, Green, and Anthony to Defendants 27 Red Music and Robinson (and on information and belief John and Jane Does 1-50 and ABC Companies 1-10) in an amount unknown at this time but reasonably believed to be in excess of $280,000.

58. Defendant Sony/ATV's erroneous payment to Defendants 27 Red Music and Robinson of royalties due to Plaintiff Andrews after 2005 is a material breach of the implied agreement between Plaintiff Andrews and Defendant EMI.

59. The EMI Defendants and Defendant Sony/ATV's erroneous payment to Defendants 27 Red Music and Robinson of royalties due to Plaintiffs Green and Anthony is a material breach of implied agreement between EMI and Plaintiff Green.

60. Plaintiffs Andrews, Green, and Anthony have been damaged by the EMI Defendants' and Defendant Sony/ATV breach of implied contract in an amount in excess of $280,000.

## COUNT SIX
## ACTION FOR DECLARATORY REIELF

61. Plaintiffs herein adopt and incorporate by reference all allegations set forth in paragraphs "1" through "60" as if originally pleaded herein.

62. Plaintiffs seek a declaration by this Court that the EMI Administration Agreement is terminated and that the EMI Defendants and Defendant Sony/ATV no longer have the right to administer the Dru Hill musical compositions.

**WHEREFORE**, Plaintiffs respectfully pray that this Court:

A.  Award Plaintiff Andrews compensatory damages for breach of contract against Defendants 27 Red Music and the Estate of Rhondo Robinson and John and Jane Does 1-50 and ABC Companies 1-10 in the amount of $600,000 or such amount as shall be determined at trial.

B.  Award Plaintiff Green compensatory damages for breach of contract against Defendants 27 Red Music and the Estate of Rhondo Robinson and John and Jane Does 1-50 and ABC Companies 1-10 in the amount of $20,000 or such amount as shall be determined at trial.

C.  Award Plaintiff Anthony compensatory damages for breach of contract against Defendants 27 Red Music and the Estate of Rhondo Robinson and John and Jane Does 1-50 and ABC Companies 1-10 in the amount of $10,000 or such amount as shall be determined at trial.

D.  Award Plaintiff Andrews compensatory damages for breach of fiduciary duty in the amount of $600,000 and award punitive damages against Defendants 27 Red Music and the Estate of Rhondo Robinson and John and Jane Does 1-50 and ABC Companies 1-10 for breach of fiduciary duty in the amount of $3,000,000 or such amount as shall be determined at trial.

E.  Award Plaintiffs Green and Anthony compensatory damages for breach of fiduciary duty in the amount of $30,000 and award punitive damages against Defendants 27 Red Music and the Estate of Rhondo Robinson and John and Jane Does 1-50 and ABC Companies 1-10 for breach of fiduciary duty in the amount of $300,000 or such amount as shall be determined at trial.

F.  Award Plaintiff Andrews $600,000 for conversion against Defendants 27 Red Music and the Estate of Rhondo Robinson and John and Jane Does 1-50 and ABC Companies 1-10.

G.  Award Plaintiffs Green and Anthony $30,000 for conversion against Defendants 27

Red Music and the Estate of Rhondo Robinson and John and Jane Does 1-50 and ABC Companies 1-10.

H. Award Plaintiff Andrews compensatory damages for breach of implied contract against the EMI Defendants and Defendant Sony/ATV in the amount of $250,000 or such amount as shall be determined at trial.

I. Award Plaintiff Green compensatory damages for breach of implied contract against the EMI Defendants and Defendant Sony/ATV in the amount of $20,000 or such amount as shall be determined at trial.

J. Award Plaintiff Anthony compensatory damages for breach of implied contract against the EMI Defendants in the amount of $10,000 or such amount as shall be determined at trial.

K. Declare that the EMI Administration Agreement is terminated and the EMI Defendants and Defendant Sony/ATV is no longer the administrator for the Dru Hill copyrights.

L. And such other relief as this Court deems just and proper.

## JURY DEMAND

PLAINTIFFS DEMAND A TRIAL BY JURY AS TO ALL LEGAL ISSUES RAISED HEREIN REGARDING LIABILITY OF THE DEFENDANTS.

    Respectfully submitted,

DATED: June 10, 2016    **LITA ROSARIO, PLLC**

*Lita Rosario*
Lita Rosario, Esq.
1100 H Street, N.W., Suite 315
Washington, D.C. 20005
202-628-4759
lita.rosario@wyzgirl.com

## CERTFICATE OF SERVICE

I hereby certify that on June 10, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Dated: June 10, 2016

                                        By:     __/s/ Lita Rosario_____
                                                         Lita Rosario, Esq.

## SERVICE LIST

*Estate of Rhondo Robinson*
Raymond Barto, Esq.
Kaps & Barto Esqs.
15 Warren Street
Hackensack New Jersey, 07601
    *Administrator of the Estate of Rhondo Robinson*

27 Red Music Publishing, LLC
96 Oxford Drive
Tenafly, New Jersey 07067

27 Red Music Publishing, LLC
443 Liberty Road
Englewood NJ 07631
    *Defendant*

Robert A. Jacobs, Esq.
Manatt  Phelps Phillips
11355 West Olympic Boulevard
Los Angeles, California 90064
    *Attorney for Sony/ATV Music Publishing and The EMI Defendants*