UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Mark Andrews, et al.,

           Plaintiffs,

    –v–

27 Red Music Publishing, LLC, et al.,

           Defendants.

15-cv-7544 (AJN)

MEMORANDUM
OPINION & ORDER

ALISON J. NATHAN, District Judge:

On January 15, 2019, the Court granted in part Plaintiffs Mark Andrews, James Green, and Larry Anthony, Jr.'s motion for default judgment as to Defendants 27 Red Music Publishing, LLC; the Estate of Rhondo Robinson; Rich Kid Music, LLC; and Rudolph Carroll. Order, Dkt. No. 122. Specifically, the Court determined that each Plaintiff adequately pleaded a conversion claim as to each Defendant but did not establish breach-of-contract of fiduciary-duty claims. *Id.* at 5–10. It ordered Plaintiffs to submit supplemental briefing on the amount of damages they request. *Id.* at 11–12. Plaintiffs filed a supplemental brief and a sworn declaration from each Plaintiff. Pls. Br., Dkt. No. 126; Andrews Decl., Dkt. No. 127; Anthony Decl., Dkt. No. 128; Green Decl., Dkt. No. 132. Plaintiffs' supplemental brief also requests that the Court reconsider its dismissal of Plaintiffs' fiduciary-duty claim. Pls. Br. at 5–6.

For the following reasons, the Court grants in part Plaintiffs' motion for damages and denies Plaintiffs' motion for reconsideration.

## I.    Legal standard

The Court assumes the parties' familiarity with the facts of this case, which are summarized in the Court's prior order. Order at 1–3. As the Court previously explained, it

1

accepts as true all well-pleaded facts in Plaintiffs' third amended complaint. *Id.* at 3–4; *see Jemine v. Dennis*, 901 F. Supp. 2d 365, 373 (E.D.N.Y. 2012) (citing *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981)); *see also* Fed. R. Civ. Pro. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied.").

But the assessment of damages requires more from Plaintiffs. Rather than accept the allegations of damages in the complaint as true, the Court must conduct an inquiry consisting of two tasks: (1) "determining the proper rule for calculating damages"; and (2) "assessing plaintiff's evidence supporting the damages to be determined under this rule." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999). The court may award only those damages it can ascertain with "reasonable certainty." *Id.* (citing *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997)). The Court may, for example, rely on "detailed affidavits and documentary evidence" to ascertain the amount of damages, *Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir. 1993), but only if such affidavits reflect "personal knowledge of the facts," *Credit Lyonnais*, 183 F.3d at 154–55.

Because the Court has already concluded that Plaintiffs have made out a prima facie case for their conversion claims, the Court now considers only whether Plaintiffs have established damages with reasonable certainty.

## II.     Plaintiffs' proof of damages

Damages for conversion are measured by the value of the property at the time of conversion, plus interest. *See Kranz v. Town of Tusten*, 653 N.Y.S.2d 194, 195 (N.Y. App. Div. 1997); *Caballero v. Anselmo*, 759 F. Supp. 144, 148 (S.D.N.Y. 1991). Prevailing on a conversion claim entitles the party to prejudgment interest at the rate of 9 percent per annum.

N.Y. C.P.L.R. §§ 5001(a), 5004; *Wells Fargo Bank, NA. v. Nat'l Gasoline Wholesale, Inc.*, 577 F. App'x 58, 61 (2d Cir. 2014) (summary order). "Interest shall be computed from the earliest ascertainable date the cause of action existed, except that interest upon damages incurred thereafter shall be computed from the date incurred. Where such damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date." N.Y. C.P.L.R. § 5001(b). "New York law leaves to the discretion of the court the choice of whether to calculate prejudgment interest based upon the date when damages were incurred or 'a single reasonable intermediate date.'" *Marfia v. TC Ziraat Bankasi*, 147 F.3d 83, 91 (2d Cir. 1998) (citing *155 Henry Owners Corp. v. Lovlyn Realty Co.*, 647 N.Y.S.2d 30, 32 (N.Y. App. Div. 1996)). "District courts are afforded 'wide discretion' in determining a reasonable intermediate date from which to calculate prejudgment interest." *Wells Fargo Bank*, 577 F. App'x at 61 (quoting *Conway v. Icahn & Co.*, 16 F.3d 504, 512 (2d. Cir. 1994)).

Punitive damages are available for conversion "where circumstances show that the conversion was accomplished with malice, insult, reckless and willful disregard for plaintiff's rights, or by other proof evidencing the aggravated nature of the act." *Morales v. Kavulich & Assocs., P.C.*, 294 F. Supp. 3d 193, 198 (S.D.N.Y. 2018) (quoting *Caballero*, 759 F. Supp. at 153). Any punitive damages awarded "should bear some reasonable relation to the harm done and the flagrancy of the conduct causing it." *Doo Nam Yang v. ACBL Corp.*, 427 F. Supp. 2d 327, 341 (S.D.N.Y. 2005) (quoting *I.H.P. Corp. v. 210 Cent. Park S. Corp.*, 228 N.Y.S.2d 883, 889 (N.Y. App. Div. 1962)). "Under New York law punitive damages are awarded in 'singularly rare cases.'" *Knieriemen v. Bache Halsey Stuart Shields Inc.*, 427 N.Y.S.2d 10, 13 (N.Y. App. Div. 1980) (quoting *Garrity v. Lyle Stuart, Inc.*, 353 N.E.2d 793, 797 (N.Y. 1976)).

The statute of limitations for conversion in New York is three years and "accrues at the time of conversion regardless of a plaintiff's knowledge of the conversion." *United Teamster Fund v. Magnacare Admin. Servs.*, 39 F. Supp. 3d 461, 478 (S.D.N.Y. 2014) (citing N.Y. C.P.L.R. § 214(3), and *Herman v. Depinies*, 273 A.D.2d 146, 147 (N.Y. App. Div. 2000)). "To the extent the conversion claim seeks recovery for violations more than three years before the Complaint was filed, that portion of the claim is time-barred." *Id.* Accordingly, because Plaintiffs filed the complaint on September 23, 2015, they are entitled to recover only amounts that were converted on or after September 23, 2012. Dkt. No. 1.

In damages for conversion, Andrews seeks $64,278.55 in compensatory damages in unpaid royalties and $750,000 in punitive damages, Pls. Br. at 2–3; Anthony seeks $1,369.06 in compensatory damages and $15,000 in punitive damages, *id.* at 3; and Green seeks $8,807.40 in compensatory damages and $30,000 in punitive damages, *id.* at 4–5. These compensatory awards include the interest that has accrued at an annual rate of 9 percent since the date of conversion. Andrews Decl., Ex. B. Plaintiffs proffer in support of these requests declarations from each Plaintiff and the same accounting statements previously submitted to the Court. *See* Order at 12. But Plaintiffs have corrected the two errors identified in the Court's last order: (1) Plaintiffs excluded from their calculations all conversions before September 23, 2012, Pls. Br. at 2–4; and (2) they explained the meaning of the "adjustment" column, *e.g.*, Andrews Decl. ¶ 20.

The Court concludes that Plaintiffs have presented adequate evidence for it to ascertain with reasonable certainty Plaintiffs' compensatory damages on their conversion claims. The Court therefore awards Plaintiffs $64,278.55, $1,369.06, and $8,807.40 in compensatory damages, respectively, accruing at an annual interest rate of 9 percent from the date Plaintiffs calculated these figures, March 1, 2019.

But the Court cannot similarly accept Plaintiffs' requested punitive-damages awards. First, the Supreme Court has repeatedly stated that due process precludes, except in exceptional circumstances, punitive-damages awards that exceed "four times the amount of compensatory damages." *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003). Here, Andrew's request for $750,000 in punitive damages and $64,278.55 in compensatory damages ($44,109.01 before interest) far exceeds that multiplier. Pls. Br. at 2. As does Anthony's request and, albeit to a lesser extent, Green's. *Id.* at 3–4.

Second, as explained above, punitive damages are rare in New York and require not only that Defendant violated Plaintiffs' rights, but did so with "evil intentions." *Caballero*, 759 F. Supp. at 154. Defendants' conduct alleged here, though undeniably wrongful, generally falls short of that high standard. Moreover, Plaintiffs' requested punitive damages bear only minor relation to the harms actually suffered. *Doo Nam Yang*, 427 F. Supp. 2d at 341.

Nonetheless, Plaintiffs' allegations demonstrate that Defendants' violation of Plaintiffs' rights was both knowing and willful, which supports the imposition of punitive damages to punish and deter such behavior. *See Morales*, 294 F. Supp. 3d at 198; *e.g.*, Third Am. Compl. ¶ 27, Dkt. No. 81 (alleging that Defendants "forged" Green's signature). The Court therefore concludes that each Plaintiff is entitled to punitive damages equal to 50 percent of his compensatory-damages award.

### III. Reconsideration of Plaintiffs' fiduciary-duty claim

The Court dismissed Plaintiffs' fiduciary-duty claim in part on the basis of repeated holdings of courts in this district and the State of New York that, without "special circumstances," there is no "fiduciary relationship between recording artists and their record label." Order at 9 (quoting *Faulkner v. Arista Recs. LLC*, 602 F. Supp. 2d 470, 482 (S.D.N.Y.

5

2009)); *see also Case v. Clivilles*, No. 12-CV-8122, 2013 WL 12325133, at *4 (S.D.N.Y. Aug. 7, 2013) (collecting cases). Plaintiffs request the Court reconsider that conclusion but do so without citing any legal authority and without raising facts not already considered by the Court. Pls. Br. at 6. Plaintiffs' request therefore falls short of the "strict" standard for a motion to reconsider. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) ("[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.").

## IV. Conclusion

For the reasons above, the Court GRANTS in part Plaintiffs' motion for damages and DENIES Plaintiffs' motion for reconsideration. The Court awards Plaintiffs the following:

A. Mark Andrews, $64,278.55 in compensatory damages and an additional 50 percent of that sum in punitive damages, plus interest accruing at an annual rate of 9 percent from March 1, 2019;

B. Larry Anthony, Jr., $1,369.06 in compensatory damages and an additional 50 percent of that sum in punitive damages, plus interest accruing at an annual rate of 9 percent from March 1, 2019; and

C. James Green, $8,807.40 in compensatory damages and an additional 50 percent of that sum in punitive damages, plus interest accruing at an annual rate of 9 percent from March 1, 2019.

This resolves docket numbers 110 and 126. Plaintiffs shall serve a copy of this Order on Defendants and file affidavits of service on the public docket within seven days.

The Clerk of Court is respectfully directed to enter judgment and close the case.

SO ORDERED.

Dated: September 24, 2021
      New York, New York

_____
ALISON J. NATHAN
United States District Judge